J-A22020-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA | |
| | : | | |
| Appellee | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| BYRON LEE RORIE-GARDNER, | : | | |
| | : | | |
| Appellant | : | No. 3381 EDA 2018 | |

Appeal from the Judgments of Sentence Entered October 26, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002652-2018
CP-15-CR-0002653-2018

BEFORE:  MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 09, 2020**

Byron Lee Rorie-Gardner (Appellant) appeals from his judgments of sentence for two convictions of criminal trespass entered on October 26, 2018. After review, we are compelled to quash the appeal pursuant to **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018), and Pa.R.A.P. 341(a).

Briefly, the facts underlying this appeal are as follows. The Commonwealth charged Appellant with two summary counts of criminal trespass in two separate criminal informations. The charge at CP-15-CR-0002652-2018 (2652-18) was based upon Appellant's presence on July 24, 2018, at a mobile home park owned by UMH Properties, Inc. The charge at CP-15-CR-0002653-2018 (2653-18) was based upon Appellant's presence at the same park on April 16, 2018.

_____
* Retired Senior Judge assigned to the Superior Court.

The cases proceeded to a summary trial on October 23, 2018. At the start of the trial, the Commonwealth moved to consolidate the two matters for trial, and the oral motion was granted without objection. After taking the matters under advisement at the conclusion of the trial, the trial court issued a guilty verdict the following day. On October 26, 2018, the trial court sentenced Appellant to 2 to 90 days of incarceration at each docket, to run concurrently with each other. The court credited Appellant with time served and released him on immediate parole.

Appellant filed timely a notice of appeal from his judgment of sentence. After Appellant complied with the trial court's Pa.R.A.P. 1925(b) order, the trial court issued its Rule 1925(a) opinion.

Appellant presents three issues for our consideration, all of which relate to his argument that these matters should have been pursued civilly under the Landlord and Tenant Act, 68 P.S. §§ 250.101-250.602, and the Manufactured Homes Community Rights Act, 68 P.S. §§ 398.1-398.16.1, instead of under the Crimes Code. *See* Appellant's Brief at 4-5.

Before we may address the merits of Appellant's issues, we must first determine whether Appellant filed separate notices of appeal at each docket in conformity with *Walker*, or advanced reasons excusing his failure to do so. In *Walker*, our Supreme Court adopted the bright-line rule in the Official Note to Rule 341 mandating that practitioners file separate notices of appeal in all future cases "when a single order resolves issues arising on more than one

lower court docket." 185 A.3d at 470. Failure to comply "will result in quashal of the appeal." *Id.*

On January 3, 2019, this Court issued a *per curiam* order directing Appellant to show cause why the appeal should not be quashed in light of Pa.R.A.P. 341, as interpreted in *Walker*. Appellant timely filed a response, and this Court discharged the rule to show cause and deferred the issue to the merits panel for disposition.

In his response to the rule to show cause, Appellant set forth the following reasons why we should not quash his appeal. First, Appellant pointed to the trial court's consolidation of the two cases. Response to Rule to Show Cause, 1/11/2019, at 1. Next, he argues that two appeals would "merely double the paperwork" because "the same record," "the same opinion," and "the same sentencing will be filed." *Id.* at 4. He asserts that this Court likely would have consolidated the two cases on appeal because it involves one record and identical charges and legal issues for both cases. *Id.* He contends *Walker* should not apply to his case because his case involves one defendant, whereas *Walker* involved four cases with four defendants. *Id.* Appellant concludes by noting that the Commonwealth has not suffered prejudice and does not object to the cases proceeding as one appeal. *Id.* at 5.

Our review of the certified record reveals that while there was one trial and other intermingled filings,[1] there is not one record; each case bears its own docket number and docket. Each docket contains a separate sentencing sheet with the single respective docket number at the top. The certified record contains only one notice of appeal bearing both docket numbers. The notice of appeal appears in the certified record for 2652-18, but not 2653-18. Appellant's certificate of service for the notice of appeal references his sending of copies of "the [n]otice of [a]ppeal" to the people required by Pa.R.A.P. 906. Certificate of Service, 9/18/2019, at 1. His response to the rule to show cause gives no indication that he filed separate notices of appeal. Therefore, it appears that Appellant improperly filed one notice of appeal from two judgments of sentence on two separate dockets in violation of *Walker*. *Cf. Commonwealth v. Johnson*, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*) (holding that inclusion of multiple docket numbers on **separately filed** notices of appeal was not grounds for quashal under *Walker*) (emphasis added).

None of the reasons advanced by Appellant in his response to the rule to show cause excuses his failure to comply with *Walker*. Due to the broad language used by our Supreme Court in *Walker*, this Court has not limited the application of *Walker* to cases involving multiple defendants. *See*

---

[1] For example, the guilty verdict lists both docket numbers, but was docketed only at 2652-18.

***Johnson***, 236 A.3d at 1146 ("Notably, ***Walker*** did not specifically address the situation in this case, where one defendant appeals from one judgment of sentence, entered following one trial on multiple criminal dockets. In this circumstance, the problems identified in … ***Walker*** involving multiple defendants do not exist. Nonetheless, where a single defendant challenges his sentence relating to 'more than one docket,' ***Walker*** requires that defendant to file separate notices of appeal.").

Additionally, although 2652-18 and 2653-18 were consolidated for trial purposes, each case maintained a separate docket, requiring the filing of separate notices of appeal at each docket. ***See C.T.E. v. D.S.E.***, 216 A.3d 296, 299 (Pa. Super. 2019) (quashing notice of appeal where appellant filed a single notice of appeal from two docket numbers, despite their consolidation in the lower court).[2] Furthermore, our Supreme Court made clear in ***Walker*** that consolidation of cases for appeal is a matter for the Superior Court to decide, not an appellant on the appellant's own initiative. ***Walker***, 185 A.3d at 976; ***see also*** Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals

---

[2] We note that an issue regarding the application of ***Walker*** to cases consolidated in the trial court is pending before our Supreme Court. ***See Always Busy Consulting, LLC v. Babford & Company, Inc.***, 235 A.3d 271 (Pa. 2020) (considering whether this Court erred in quashing appeal pursuant to ***Walker*** where "[p]etitioner failed to file a notice of appeal at a separate docket number in a consolidated case, when [p]etitioner filed separate notices of appeal at the consolidated docket number, as directed and required by the trial court").

in different cases, the appellate court may, **in its discretion**, order them to be argued together in all particulars as if but a single appeal. Appeals may be consolidated by stipulation of the parties to the several appeals.") (emphasis added).

Accordingly, we are constrained to find Appellant's failure to file a separate notice of appeal at each of the two docket numbers violates **Walker** and Rule 341, and is fatal to this appeal.

Appeal quashed.

Judge Murray joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/20